# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | CASE NO. 1:10-cv-01506-OWW-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE RETALIATION CLAIMS AGAINST DEFENDANTS EPSTEIN AND GONZALES |
| v. | |
| L. EPSTEIN, et al., | |
| Defendants. | |
| | (Doc. 8) |
| | THIRTY-DAY DEADLINE |
| _____/ | |

## Screening Order

### I.    Screening Requirement and Standard

Plaintiff Bruce Patrick Haney, a state prisoner proceeding pro se, filed this civil rights action in Kings County Superior Court on June 23, 2010.  Defendants Epstein, Rodriguez, Shelton, Gonzales, Jennings, Comaites, and Vella (Defendants) removed the action to this court on August 19, 2010.[1]  28 U.S.C. § 1441(b).  Pending before the Court is Plaintiff's amended complaint, filed on October 6, 2010.  Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

_____

[1] Defendants Allen and Foston did not join in the notice of removal and there is no evidence that they were served with the complaint during the pendency of the action in Kings County Superior Court.  Defendant Wortman was added as a party in the amended complaint, which was filed after removal occurred, and post-removal service has not been authorized by the Court.

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader
2   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell
5   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required
6   to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.
7   2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,
8   legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

9   Under section 1983, Plaintiff must demonstrate that each defendant personally participated
10  in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th
11  Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim
12  for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
13  2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal,
14  129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

15  **II.   Plaintiff's Claims**

16  Plaintiff is incarcerated at California State Prison-Corcoran and he brings this action against
17  Correctional Officers L. Epstein, D. Sheldon, and R. Rodriguez; Sergeant J. Gonzales; Captain M.
18  Jennings; Associate Warden K. Comaites; Chief Deputy Warden R. Vella; Appeals Examiner K. J.
19  Allen; Chief Appeals Coordinator D. Foston; and S. Wortman, vice principal of the education
20  department.  Plaintiff alleges numerous claims for relief, but his claims arise in the main from
21  retaliation against him for filing lawsuits against prison officials.

22          **A.   Defendants Epstein, Sheldon, and Rodriguez**

23                  **1.   Allegations**

24  On October 1, 2009, Defendants Epstein, Sheldon, and Rodriguez searched Plaintiff's cell
25  while he was on the recreation yard and destroyed a CD player, trashed his personal property, and
26  took a pair of his tennis shoes.  When Plaintiff asked Defendant Epstein why he destroyed Plaintiff's
27  property, Defendant told him it was punishment.  Plaintiff asked for his tennis shoes back and
28  Defendant Epstein told him they were confiscated because he had two pairs.  When Plaintiff said that

2

1  pursuant to operational procedure 806, he should be allowed to choose which property to discard to

2  bring his property into compliance with the rules, Defendant Epstein said Plaintiff should not go

3  around filing lawsuits against officers.

4      Plaintiff alleges that his property was destroyed to harass and retaliate against him for

5  exercising his First Amendment right to petition the government, and that the confiscation of his

6  property violated the United States Constitution and the California Code of Regulations.  Plaintiff

7  further alleges that although Defendants Epstein and Sheldon claimed that Plaintiff's cell was

8  searched to determine if Plaintiff's cellmate had all of his legal property, Plaintiff's cellmate was

9  present during the search and he was never asked if he had his legal property that he claimed was

10  missing and his property was not searched.  Plaintiff alleges that he knows Defendants Sheldon and

11  Rodriguez retaliated against him because of Defendant Epstein's comments.

12                  **2.      Retaliation**

13      Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

14  the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

15  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

16  F.3d 802, 807 (9th Cir. 1995).   Within the prison context, a viable claim of First Amendment

17  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

18  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

19  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

20  a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation

21  marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

22      Plaintiff's allegation that his property was confiscated and destroyed as punishment for filing

23  lawsuits against officers is sufficient to state a claim against Defendant Epstein, who made the

24  comments relating to improper motive.  However, although Defendants Sheldon and Rodriguez

25  participated in the cell search, Plaintiff has not alleged any specific facts linking their participation

26  to an improper motive.  The bare fact that they participated in the cell search is insufficient to

27  support a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

28  ///

3.     **Harassment**

Plaintiff's allegation of harassment does not support a separate claim for relief.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse does not support a section 1983 claim).

4.     **Violation of Title 15 Regulations**

The violation of Title 15 of the California Code of Regulations provides no basis for the imposition of liability under either federal or state law.  The violation of state prison regulations is not redressable under section 1983, and the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff under state law.  See Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).

B.     **Defendant Gonzales**

1.     **Allegations**

Plaintiff filed an inmate appeal regarding the cell search and on November 1, 2009, he was summoned to the program office for an interview.  Plaintiff detailed the events surrounding the cell search and the confiscation of his property, including his right under operational procedure 806 to choose which property to keep and which to discard.  Defendant Gonzales told him that they did not have to follow those rules and they could do what they wanted, and that Plaintiff should not be filing complaints against officers at Defendant's prison.  Defendant then denied the appeal.

Plaintiff alleges that Defendant Gonzales is liable for failing to properly supervise his subordinates, harassment, retaliation, failing to follow prison rules and regulations, and causing Plaintiff emotional distress.

2.     **Supervisory Liability/Retaliation**

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Supervisors may only be held liable if they "participated in or

1 directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>,

2 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord Starr v. Baca</u>, No. 09-55233, 2011 WL 2988827, at *4-5

3 (9th Cir. Jul. 25, 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v.</u>

4 <u>Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>,

5 126 F.3d 1189, 1204 (9th Cir. 1997).  Liability may not be imposed on supervisory personnel under

6 the theory of <u>respondeat superior</u>.  <u>Iqbal</u>, 129 S.Ct. at 1948-49; <u>Ewing</u>, 588 F.3d at 1235.

7      Plaintiff's allegations do not support a claim against Defendant Gonzales arising out of the

8 search of his cell and the confiscation of his property because there are no facts supporting a claim

9 that Defendant participated in the event or knew of it beforehand and failed to prevent it.  However,

10 Defendant's action in denying Plaintiff's appeal, which sought in part reimbursement of the cost of

11 the personal property that was allegedly wrongfully confiscated, and the comments that officers do

12 not have to follow the rules and Plaintiff should not file suit against officers are sufficient to support

13 a retaliation claim.  <u>Brodheim</u>, 584 F.3d at 1269-70.

14          **3.   <u>Harassment and Violation of Prison Rules and Regulations</u>**

15      For the reasons set forth in subsection A, Plaintiff may not pursue any separate claims for

16 relief for harassment or for violation of prison rules and regulations.

17          **4.   <u>IIED</u>**

18      Under California law, the elements of intentional infliction of emotional distress are: (1)

19 extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

20 of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

21 emotional distress; and (3) actual and proximate causation of the emotional distress by the

22 defendant's outrageous conduct.  <u>Corales v. Bennett</u>, 567 F.3d 554, 571 (9th Cir. 2009) (quotation

23 marks omitted); <u>Tekkle v. United States</u>, 567 F.3d 554, 855 (9th Cir. 2007); <u>Simo v. Union of</u>

24 <u>Needletrades, Industrial & Textile Employees</u>, 322 F.3d 602, 621-22 (9th Cir. 2003).  Conduct is

25 outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized

26 community.  <u>Corales</u>, 567 F.3d at 571; <u>Tekkle</u>, 511 F.3d at 855; <u>Simo</u>, 322 F.3d at 622.

27 ///

28 ///

1    The denial of Plaintiff's inmate appeal and the comment that Plaintiff should not file lawsuits

2  against officers do not constitute outrageous conduct.  Plaintiff's IIED claim against Defendant

3  Gonzales fails.

4          **C.    Defendant Jennings**

5          On October 16, 2009, Plaintiff sent Defendant Jennings a copy of his inmate appeal and a

6  request for an interview, but Defendant failed to respond to the request.

7          These allegations fail to support a viable claim for relief.  Silence in response to Plaintiff's

8  written request for an interview provides no basis upon which to impose liability on Defendant

9  Jennings for supervisory liability or under any other theory.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572

10  F.3d at 969

11          **D.    Defendants Comaites, Vella, Allen, and Foston**

12          Defendants Comaites, Vella, Allen, and Foston were involved in reviewing and denying

13  Plaintiff's inmate appeal of the confiscation and destruction of his personal property.  (Comp., court

14  record pp. 18-25, 66.)  Defendant Comaites allegedly cancelled Plaintiff's appeal at the first formal

15  level, although Plaintiff's exhibits demonstrate that the appeal subsequently received decisions at

16  the second and third levels of review, and the memo regarding the cancellation was not provided by

17  Plaintiff.  (Id.)  Defendant Vella denied the appeal at the second level of review and Defendant Allen

18  denied the appeal at the third and final level of review.  (Id.)  Defendant Foston was the Chief of the

19  Inmate Appeals Branch, although a subordinate signed off on the third-level decision Defendant's

20  behalf.  (Id., p. 19.)

21          Plaintiff's allegations do not support a claim for relief.  Defendants Comaites, Vella, Allen,

22  and Foston were not personally involved in the retaliatory cell search, Iqbal, 129 S.Ct. at 1949;

23  Jones, 297 F.3d at 934, and the existence of an inmate appeals process does not create a protected

24  liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that

25  the appeals process was otherwise deficient, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003);

26  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

27  ///

28  ///

1    **E.**     **Defendant Wortman**

2          Finally, Plaintiff's claim against Defendant Wortman arises from Defendant's refusal to

3    provide him with photocopies of the complaint in this action on August 10, 2010, and Defendant's

4    failure to call him to the law library on August 11, 2010.

5          Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R.

6    Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635

7    F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits

8    and complaints violating that principle should be rejected).   Although Plaintiff's claim against

9    Defendant Wortman is also based on retaliation against Plaintiff, it is a new claim against a new

10   party and it is not related to the events giving rise to Plaintiff's other claims.  Accordingly, the claim

11   should be brought in a separate action.

12   **III.**   **Conclusion and Order**

13         Plaintiff's amended complaint states cognizable claims for relief against Defendants Epstein

14   and Gonzales for retaliation, in violation of the First Amendment.   However, Plaintiff's amended

15   complaint fails to state any other claims for relief.   The Court will provide Plaintiff with the

16   opportunity to file a second amended complaint curing those deficiencies which Plaintiff believes,

17   in good faith, are curable.[2]  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson,

18   809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this

19   suit by adding new, unrelated claims in his second amended complaint.  George, 507 F.3d at 607 (no

20   "buckshot" complaints).

21         If Plaintiff does not wish to file a second amended complaint and he is agreeable to

22   proceeding only against Defendants Epstein and Gonzales on his retaliation claims, he may file a

23   notice informing the Court that he does not intend to amend and he is willing to proceed only on his

24   cognizable retaliation claims.   Plaintiff's other claims will then be dismissed, and Defendants

25   Epstein and Gonzales will be ordered to respond to the amended complaint.

26

27         [2] Plaintiff filed an amended complaint as a matter of right, Fed. R. Civ. P. 15(a), and his original complaint
     was not screened by the Court, 28 U.S.C. § 1915A.  Therefore, this is Plaintiff's first notice of the deficiencies in his
28   claims.

If Plaintiff files a second amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.     File a second amended complaint curing the deficiencies identified by the Court in this order, or

    b.     Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only against Defendants Epstein and Gonzales on his cognizable retaliation claims; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 24, 2011**          _____/s/ Sheila K. Oberto_____
UNITED STATES MAGISTRATE JUDGE

8