# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>L. EPSTEIN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01506-LJO-SKO PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND REQUIRING DEFENDANTS EPSTEIN AND GONZALES TO FILE A RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Docs. 8, 15, and 17) |

Plaintiff Bruce Patrick Haney, a state prisoner proceeding pro se, filed this civil rights action in Kings County Superior Court on June 23, 2010, and Defendants Epstein, Rodriguez, Shelton, Gonzales, Jennings, Comaites, and Vella removed the action to this court on August 19, 2010.[1] 28 U.S.C. § 1441(b).

On August 25, 2011, the Court screened Plaintiff's amended complaint and found that (1) it stated cognizable retaliation claims against Defendants Epstein and Gonzales, (2) Plaintiff's claim against Defendant Wortman was improperly joined, and (3) Plaintiff's remaining claims failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable in the screening order. On September 12, 2011, Plaintiff filed a notice stating he does not intend to amend and he is willing to proceed only on his cognizable retaliation claims.

///

---

[1] Defendants Allen and Foston did not join in the notice of removal and there is no evidence that they were served with the complaint during the pendency of the action in Kings County Superior Court. Defendant Wortman was added as a party in the amended complaint, which was filed after removal occurred, and post-removal service was not authorized by the Court.

1

Accordingly, based on Plaintiff's notice, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's amended complaint, filed on October 6, 2010, against Defendants Epstein and Gonzales on Plaintiff's cognizable First Amendment retaliation claims as identified in the screening order;[2]

2. Plaintiff's retaliation claim against Defendant Wortman is dismissed, without prejudice, as improperly joined and Defendant Wortman is dismissed from this action;

3. All other claims are dismissed for failure to state a claim;

4. Defendants Sheldon, Rodriguez, Comaites, Vella, Allen, Foston, and Jennings are dismissed from this action based on Plaintiff's failure to state any claims against them; and

5. Defendants Epstein and Gonzales shall file a response to Plaintiff's amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   September 15, 2011**           /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's retaliation claim against Defendant Epstein arises from the alleged confiscation and destruction of his personal property as punishment for filing lawsuits against officers, and Plaintiff's retaliation claim against Defendant Gonzales arises from the alleged denial of Plaintiff's inmate appeal seeking, in part, reimbursement of the cost of the personal property that was wrongfully confiscated.