# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | CASE NO. 1:10-cv-01506-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| L. EPTSTEIN, et al., | |
| Defendants. | (Docs. 34 and 35) |

Plaintiff Bruce Patrick Haney is a former state prisoner proceeding pro se in this civil action for violation of his rights under 42 U.S.C. § 1983. This action for damages is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Epstein and Gonzales.

Defendants filed a motion for summary judgment on August 23, 2012, and on August 24, 2012, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion within twenty-one days. Plaintiff's response was due or on before September 17, 2012, and none has been filed.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court

in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending since 2010, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. Id.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute and Defendants' motion is DENIED as moot. In re PPA, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

**Dated:   October 1, 2012**                              /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE